UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGENERON PHARMACEUTICALS,
INC.,

               Plaintiff,

        v.

GENENTECH, INC.,

            Defendant.

Civil Action No. 10-CV-08779
(JFM) (PED)
ECF Case

**GENENTECH'S OPPOSITION TO REGENERON'S MOTION
FOR LEAVE TO SUPPLEMENT THE COMPLAINT**

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street NW
Washington, DC 20006
Telephone:  202-223-7300
Facsimile:  202-223-7420

1285 Avenue of the Americas
New York, NY 10019
Telephone: 212-373-3000
Facsimile:  212-757-3990

BAKER BOTTS LLP
30 Rockefeller Center
New York, NY 10112
Telephone:  212-408-2500
Facsimile:  212-408-2501

*Attorneys for Defendant Genentech, Inc.*

## PRELIMINARY STATEMENT

Both parties have agreed that Regeneron's second lawsuit, dealing with exactly the same patent issues raised in Regeneron's first lawsuit, sufficiently presents the issues that should be resolved by this Court.  *See Regeneron Pharmaceuticals, Inc. v. Genentech Inc.*, No. 7:11-cv-01156 (S.D.N.Y. February 18, 2011) (the "second lawsuit").  What the parties cannot agree on, however, is whether the first complaint (as originally filed or "supplemented") is sufficient.  Given that the sufficiency of the first complaint has been mooted by Regeneron's filing of its separate complaint in the second lawsuit, Genentech attempted to resolve the current motion informally and to move forward based on the complaint in that second lawsuit.  But in a pure show of gamesmanship, or perhaps in a desperate and inexplicable attempt to secure a now-irrelevant deposition of Genentech's prior CEO, Regeneron continues to play games with the pleadings by pursuing identical patent issues in two separate lawsuits in the same court.  This Court should not permit Regeneron to waste judicial resources by proceeding with both lawsuits; it should deny Regeneron's motion to amend the first complaint, and should dismiss that first complaint as moot in light of the new complaint filed in the second lawsuit.

Despite the impropriety of Regeneron's actions – filing this lawsuit prematurely, and then filing a second, entirely duplicative lawsuit in an attempt to cure blatant subject matter jurisdiction deficiencies – Genentech agreed to accept service of the complaint in the second lawsuit.  Genentech also sought to reach agreement with Regeneron to dismiss the first complaint in favor of the later-filed lawsuit, so as to moot the two motions now pending in this case (including the instant one).  (*See* Benson Decl. at ¶¶ 2-3.)  Regeneron, however, insisted that any stipulation resolving the issue also include a forum selection clause for patents and patent applications not at issue in this case and in perpetuity – a demand to which Genentech could not

agree.  When counsel for Genentech explained that it could not agree to the broad forum-selection clause and that briefing on this motion had to continue, counsel for Regeneron stated that it would then promptly notice the deposition of Genentech's former CEO, presumably in connection with the now fully-briefed motion to dismiss the first complaint.  (*See id.* at ¶¶ 4-5.)  Because permitting Regeneron to supplement its premature complaint in this matter would be a waste of judicial and party resources in light of its second lawsuit, this Court should deny Regeneron's motion for leave to supplement.

This Court should also deny Regeneron's motion for leave to supplement for another, independent reason:  Regeneron's motion is futile, as its supplemental allegations cannot establish subject matter jurisdiction as of November 19, 2010.  Subject matter jurisdiction either exists at the time of the original complaint, or it does not.  It cannot be manufactured after the fact.  Regeneron therefore may not "file suit at the earliest moment it conceives of any potential benefit to doing so," and then simply worry later about establishing subject matter jurisdiction through post-complaint actions.  *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1384 (Fed. Cir. 2010).

Here, Regeneron filed a deficient complaint in November 2010.  It now seeks to add allegations relating to events that subsequently transpired in January and February 2011 to overcome those deficiencies, specifically, that (a) *two months after* Regeneron filed its complaint against Genentech, Genentech declined to give Regeneron (which had already sued it) a covenant not to sue; and (b) *three months after* Regeneron filed its complaint against Genentech, Regeneron filed a Biologics License Application ("BLA") with the U.S. Food and Drug Administration ("FDA") seeking approval for its VEGF Trap-Eye product.  These actions have no bearing on whether subject matter jurisdiction existed on November 19, 2010, and therefore

will do nothing to cure the jurisdictional defects in Regeneron's complaint. That Regeneron filed a second lawsuit, which is otherwise identical to the one filed here, but which properly recites as pre-filing facts the very allegations that Regeneron wishes to improperly add to the instant complaint as post-filing developments, only confirms that the first complaint was deficient. Regeneron's motion to supplement should, therefore, be denied.

## ARGUMENT

Regeneron may not supplement its complaint as of right; Rule 15(d) of the Federal Rules of Civil Procedure confers this question entirely to the Court's discretion. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960) (the granting of leave to supplement a complaint is "discretionary and will not be disturbed on appeal unless grossly abused" (internal quotations omitted)). Because Regeneron cannot create subject matter jurisdiction retroactively where none existed, the supplementation Regeneron seeks cannot cure the critical defects identified in Genentech's Motion to Dismiss the Complaint. Where, as here, supplementation would waste the Court's and litigants' resources, and be futile, the Court should deny leave to supplement. *See Quaratino*, 71 F.3d at 66; *Gannon v. Sears*, No. 9:09-CV-1083, 2011 WL 582579 at *3 (N.D.N.Y. Feb. 9, 2011) (slip opinion).

## I.    Allowing Supplementation Would Hinder Judicial Efficiency

Days before filing the instant motion, without any notice to Genentech, Regeneron filed a new case against Genentech in this Court. *See* Complaint and Demand for Jury Trial, *Regeneron Pharmaceuticals, Inc. v. Genentech Inc.*, No. 7:11-cv-01156 (S.D.N.Y. February 18, 2011). The complaint in that new action is *identical* to the supplemental complaint Regeneron seeks to pursue in this case – except that the new complaint does not purport to establish jurisdiction as of November 19, 2010. It wastes the Court's and the litigants' resources

to have two litigations pending on the exact same subject matter.  *See, e.g.*, *Judge v. New York City Police Dept.*, No. 05-Civ-2440, 2008 WL 5148737, at *2 (S.D.N.Y. Dec. 8, 2008) (denying motion to supplement the complaint where it would not promote judicial economy).

Genentech has indicated its willingness to proceed with the second lawsuit.  In that connection, Genentech offered that, in exchange for Regeneron's agreement to provide to Genentech specific information on the amino acid sequence and a sworn declaration regarding the completeness of the BLA purportedly filed by Regeneron on February 18, 2011, Genentech would answer the complaint in the second lawsuit and agree not to seek to move that lawsuit from this forum.  (*See* Benson Decl. at ¶¶ 2-3.)  Regeneron, however, insisted on a stipulation that was unbounded in time and included a much broader and open-ended forum selection clause embracing patents and patent applications not even at issue in this case; Genentech could not agree to this unreasonable demand.  (*See id.* at ¶ 4.)  And when Genentech did not agree to Regeneron's overreaching demand, Regeneron threatened to take the deposition of Genentech's former CEO and current Chairman, Dr. Arthur Levinson (*see id.* at ¶ 5), purportedly to establish subject matter jurisdiction exists in this case, an entirely unnecessary endeavor in light of Regeneron's decision to file a second suit.

This Court should not permit Regeneron to use as leverage its premature lawsuit, wasting judicial and party resources.  "District courts have the power to dismiss duplicative suits because 'plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'"  *Oparaji v. N.Y. City Dep't of Educ.*, No. 05-3423, 2006 WL 522364 (2d Cir. March 3, 2006) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)).  Because Regeneron seeks improperly to maintain two duplicative suits, and to therefore waste the Court's and the litigants' resources, this Court should deny

4

Regeneron's motion, dismiss Regeneron's first complaint, and allow the parties to proceed with the second lawsuit.  *See id.*

## II.     Regeneron's Motion Is Futile Because Events Occurring After Filing of the Complaint Cannot Establish Subject Matter Jurisdiction

Regeneron's motion should also be denied because it is futile.  Regeneron's motion hinges entirely on its argument that "events that happened after the first complaint can serve to establish declaratory judgment jurisdiction."  (Regeneron Mot. at 3, citing *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) (internal quotations omitted)).  Regeneron is wrong on this point:  it misreads *Prasco* and ignores subsequent Federal Circuit case law that reaches the exact opposite conclusion.

First, contrary to Regeneron's suggestion, the Federal Circuit in *Prasco, LLC v. Medicis Pharmaceutical Corp.* reached no holding whatsoever on whether it was appropriate for a district court to permit the plaintiff to supplement a complaint to include post-filing facts relating to subject matter jurisdiction.  Indeed, the *Prasco* court went out of its way to explain that, since the issue was not preserved for appeal, it was *not* going to decide that issue:

> The district court seemed to assume that Prasco had the right to file its Amended Complaint 'as a matter of course' . . . *This is incorrect* . . . [But because] Defendants conceded at oral argument that it was within the district court's discretion to accept Prasco's Amended Complaint, and they have never argued that the district court's arguable failure to acknowledge its own discretion was an abuse of discretion . . . *any challenge to the district court's decision to accept the Amended Complaint is waived.*

*Prasco, LLC*, 537 F.3d 1329 at n.5 (emphasis added).

Second, and even more importantly, in a subsequent case that Regeneron wholly ignores, the Federal Circuit clarified that a plaintiff cannot cure subject matter jurisdiction defects in a complaint through supplementation regarding post-filing facts.  *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d at 1383, makes plain that courts determine

5

whether a justiciable controversy exists as of the time the original complaint is filed, and expressly rejects the argument Regeneron makes here.

The plaintiff in *Innovative Therapies* filed a supplemental complaint "adding counts based on [the defendant's] conduct subsequent to the filing of [the] original complaint." *Id.* at 1383. The district court still dismissed the case for lack of subject matter jurisdiction. The Federal Circuit affirmed the decision, noting that "these acts after the filing of [the] original complaint did not establish that an actual controversy existed" at the time of the filing of the original complaint. *Id.* The appellate court specifically addressed Regeneron's argument, here, when it stated:

> [*Prasco*] did not . . . change the rule that unless there was jurisdiction at the time of filing of the original complaint, jurisdiction could not be carried back to the date of the original pleading . . . [T]o hold otherwise would invite a declaratory judgment plaintiff in a patent case to file suit at the earliest moment it conceives of any potential benefit to doing so, confident that it will either draw an infringement suit in response (thereby retroactively establishing jurisdiction over their first-filed declaratory judgment suit) or will suffer no adverse consequence other than having its suit dismissed.

*Id.* at 1384 (internal quotations omitted).

Because post-filing developments have no bearing on whether subject matter jurisdiction existed at the time of the filing, the allegations Regeneron proposes to add – relating to events occurring in January 2011 and February 2011 – are irrelevant. Regeneron's motion is therefore futile and should be denied. *See generally Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004) (denying motion to file supplemental complaint as futile); *Gannon*, 2011 WL 582579 at *3 (same).[1]

---

[1]     Regeneron also seeks to add minor detail regarding statements allegedly made by Dr. Levinson. For the reasons described in Genentech's Reply Brief on its Motion to Dismiss,

## CONCLUSION

For the foregoing reasons, Genentech respectfully requests that this Court deny

Regeneron's Motion to for Leave to Supplement the Complaint.

Dated:  March 29, 2011
        Washington, D.C.

Respectfully submitted,

___/s/ Craig A. Benson_____
Kenneth A. Gallo
Craig A. Benson
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
2001 K Street NW
Washington, DC 20006
Telephone:  202-223-7300
Facsimile:  202-223-7420
Email: kgallo@paulweiss.com
Email: cbenson@paulweiss.com

John E. Nathan
Eric Alan Stone
1285 Avenue of the Americas
New York, NY 10019
Telephone:   212-373-3000
Facsimile:   212-757-3990
Email: jnathan@paulweiss.com
Email: estone@paulweiss.com

Jennifer Gordon
Scott Familant
**BAKER BOTTS LLP**
30 Rockefeller Center
New York, NY 10112
Telephone:  212-408-2500
Facsimile:  212-408-2501
Email: jennifer.gordon@bakerbotts.com
Email: scott.familant@bakerbotts.com

*Attorneys for Defendant Genentech, Inc.*

---

Regeneron's supplemental allegations in this regard are insufficient to establish subject matter jurisdiction. *See* Reply Br., at 7-10.  Because, however, Regeneron's motion hinders judicial efficiency and is futile for the reasons stated above, the Court need not reach this issue.